# Legal Effectiveness of a Presidential Directive, as Compared to an Executive Order

A presidential directive has the same substantive legal effect as an executive order. It is the substance of the presidential action that is determinative, not the form of the document conveying that action.

Both an executive order and a presidential directive remain effective upon a change in administration, unless otherwise specified in the document, and both continue to be effective until subsequent presidential action is taken.

January 29, 2000

MEMORANDUM OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked our opinion whether there is any substantive legal difference between an executive order and a presidential directive. As this Office has consistently advised, it is our opinion that there is no substantive difference in the legal effectiveness of an executive order and a presidential directive that is styled other than as an executive order. We are further of the opinion that a presidential directive would not automatically lapse upon a change of administration; as with an executive order, unless otherwise specified, a presidential directive would remain effective until subsequent presidential action is taken.

We are aware of no basis for drawing a distinction as to the legal effectiveness of a presidential action based on the form or caption of the written document through which that action is conveyed. *Cf.* Memorandum for Harold Judson, Assistant Solicitor General, from William H. Rose, *Re: Statement of Policy Regarding Certain Strategic Materials* (Aug. 28, 1945) (concluding that a letter from President Roosevelt stating the government's policy "constitute[d] a Presidential directive having the force and effect of law," notwithstanding its informality of form). It has been our consistent view that it is the substance of a presidential determination or directive that is controlling and not whether the document is styled in a particular manner. This principle plainly extends to the legal effectiveness of a document styled as a "presidential directive."

Moreover, as with an executive order, a presidential directive would not lose its legal effectiveness upon a change of administration. Rather, in our view, because a presidential directive issues from the Office of the Chief Executive, it would remain in force, unless otherwise specified, pending any future presidential action. *Cf.* Memorandum for Michael J. Egan, Associate Attorney General, from John M. Harmon, Acting Assistant Attorney General, Office of Legal Counsel, *Re: Proposed Amendments to 28 CFR 16, Subpart B* (Apr. 21, 1977) (raising possible concerns about a proposal to delegate to the Deputy Attorney General certain authorities to invoke executive privilege because such a delegation could potentially be inconsistent with a 1969 Memorandum from President Nixon on executive privilege). Indeed, Presidents have frequently used written forms

29

other than executive orders to take actions that were intended to have effect during a subsequent administration. For example, delegations of presidential authority under 3 U.S.C. § 301 have been made pursuant to presidential memoranda.[1] *See also, e.g.,* Memorandum Establishing a Federal Energy Management Program, 3 Pub. Papers of Gerald R. Ford 1015 (1976) (including a directive to be carried out for FY 1977).

You have also inquired whether a presidential directive could be published in the Federal Register. It is our understanding that any presidential determination or directive can be published in the Federal Register, regardless of how it is styled. At present, a range of presidential determinations and directives styled other than as executive orders are routinely published in the Federal Register. *See, e.g.,* Presidential Determination Pursuant to Section 2(c)(1) of the Migration and Refugee Assistance Act of 1962, as amended, 64 Fed. Reg. 65,653 (1999); Report to the Congress Regarding Conditions in Burma and U.S. Policy Toward Burma, 64 Fed. Reg. 60,647 (1999) (memorandum directing the Secretary of State to transmit report to Congress). We see no reason to believe that the Federal Register would decline to publish the contemplated directive.[2]

RANDOLPH D. MOSS
*Acting Assistant Attorney General*
*Office of Legal Counsel*

---

[1] At various points over time, Presidents have delegated presidential functions both by executive order and by presidential memorandum *Compare* Delegation of Authority Under Section 1401(b) of the National Defense Authorization Act for Fiscal Year 2000 (Public Law 106–65), 65 Fed. Reg. 3119 (2000), *with* Exec Order No 10250 (1951), *reprinted as amended in* 3 U S C. § 301 app (1994) (delegation of functions to the Secretary of the Interior).

[2] Because the decision whether an item can be published is made by the Office of the Federal Register, we would suggest confirming this with that office